**Jason T. Conforti (Cal. Bar No. 265627)**
LAW OFFICE OF JASON T. CONFORTI
550 West "C" Street, Suite 790
San Diego, California 92101
Telephone: (619) 274-8036
Fax: (619) 231-2002
Email: jtc@jasonconforti.com

Attorney for Defendant:
**Amberlyn Dee Nored**

**United States District Court**

**Southern District of California**

**(Hon. Janis L. Sammartino)**

---

United States of America,
*Plaintiff*,

v.

Amberlyn Dee Nored (6),
*Defendant*.

Case No. 19 CR 4513-JLS

Defendant's Motion and Memorandum of Points and Authorities in Support of motions:

(1) to Compel Discovery;

(2) to Preserve Evidence; and

(3) for Leave to File Further Motions.

Judge: Hon. Janis L. Sammartino
Date: December 16, 2019
Time: 10:30 a.m.

---

**Motions**

Defendant, Ms. Nored, by and through her counsel, Jason T. Conforti, asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an Order:

1. Compelling discovery;
2. Preserving evidence; and

3. Granting leave to file further motions.

These motions are based upon the instant Motion, the attached Memorandum of Points and Authorities, and all other materials which may be brought to this Court's attention prior to or during the hearing on these motions.

## I. Statement of Facts

Ms. Nored has been charged in an indictment with conspiracy to commit sex trafficking by fraud in violation of 18 U.S.C. §§ 1594 (c) and 1591 (a)(1) and (2).

## II. Motion to Compel Discovery

Ms. Nored moves for the production of discovery under Fed. R. Crim. P. 12(b)(4) and 16. This request is not limited to items the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any investigative or other government agencies closely connected to the prosecution.[1/]

**1. Defendant's statements.**

Under Fed. R. Crim. P. 16(a)(1)(A), the government must reveal *all* written/oral statements made by Ms. Nored, regardless of whether the government intends to make any use of those statements.[2/]

**2. Personnel records of government officers involved in the interrogation.**

Ms. Nored moves for production of all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in the investigation, arrest, and interrogation of Ms. Nored.[3/] Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

**3. Government examination of law enforcement personnel files — especially the personnel files and all files pertaining to the *arresting* and *interrogating* officers.**

[1/] *See Kyles v. Whitley,* 514 U.S. 419, 437 (1995); *United States v. Bryan*, 868 F.2d 1032, 1035 (9th Cir. 1989).

[2/] Fed. R. Crim. P. 16(a)(1)(A) advisory committee's note (1991 amendments); *see also United States v. Bailleaux*, 685 F.2d 1105, 1113-14 (9th Cir. 1982).

[3/] *See Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974).

Ms. Nored requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Ms. Nored requests the attorney for the government review these files for evidence of perjury or other similar dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*.[4/] The obligation to examine files arises by virtue of the defense making a demand for their review. *Henthorn* remanded for *in camera* review of the agents' files, because the government failed to examine the files of agents who testified at trial. Based on *Henthorn*, this Court should order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Ms. Nored before trial. Ms. Nored specifically requests that the prosecutor, not the law enforcement officers, review the files. The duty to review the files, under *Henthorn*, should be the prosecutor's. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.[5/] Prosecutors have a "duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."[6/]

**4. Arrest reports, notes, dispatch tapes, and radio traffic.**

Ms. Nored specifically moves for a copy of all arrest reports, notes, dispatch or any other tapes, radio traffic and Treasury Enforcement Communication Systems (TECS) records that relate to the circumstances surrounding Ms. Nored's initial contact with government agents and *any* questioning. This request includes any rough notes, records, reports, transcripts, photographs, or other documents in which Ms. Nored's statements or any other discoverable material is contained.[7/] Preservation of rough notes is requested, whether or not the government deems them discoverable.

**5. *Brady* material.**

---

[4/] *United States v. Henthorn,* 931 F.2d 29, 30-31 (9th Cir. 1991).

[5/] *See United States v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992).

[6/] *Kyles v. Whitley*, 514 U.S. 437, 438 (1995).

[7/] Fed. R. Crim. P. 16(a)(1)(A) & (B); *Brady v. Maryland*, 373 U.S. 83 (1963); *See also Loux v. United States*, 389 F.2d 911 (9th Cir. 1968).

Ms. Nored moves for a copy of all documents, statements, agents' reports, and tangible evidence favorable to Ms. Nored on the issue of guilt or which affects the credibility of the government's witnesses and case. Under *Brady v. Maryland*[8], **impeachment** and exculpatory evidence constitutes evidence favorable to the accused.[9]

**6. *Giglio* information.**

Ms. Nored, pursuant to *Giglio v. United States,*[10] requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

**7. Any information that may result in a lower sentence under the Guidelines**.

As discussed above, this information is discoverable under *Brady*. This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, to a determination of the defendant's criminal history, or to any other application of the Guidelines.

**8. Any information that may result in a lower sentence under 18 U.S.C. § 3553.**

After *United States v. Booker*,[11] the Guidelines are merely advisory and federal sentencing is governed by 18 U.S.C. § 3553, which requires a judge to consider "any information about the nature and circumstances of the offense."[12] This broad range of judicial discretion, combined with the mandate that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person

---

[8] *Brady*, 373 U.S. at 87 (1963).

[9] *See United States v. Bagley*, 473 U.S. 667, 676-78 (1985); *United States v. Agurs*, 427 U.S. 97, 102-06 (1976).

[10] *Giglio v. United States*, 405 U.S. 150 (1972).

[11] *United States v. Booker*, 543 U.S. 220 (2005).

[12] 18 U.S.C. § 3553(a)(1).

convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence,"[13] means that any information whatsoever may be "material . . . to punishment," [14] whether or not the government deems it discoverable.

**9. Defendant's prior record**.[15]

Ms. Nored specifically moves for a copy of her prior criminal record within the possession, custody, or control of the government. Ms. Nored specifically requests that the copy be complete and legible.

**10. Any "other" or "prior act" evidence.**[16]

The government must produce evidence of "other acts" based on this request. Notably, Federal Rule of Evidence 404(b) applies to *all* other acts — not just bad acts, and not just prior acts.[17]

- Under Rule 404(b), Ms. Nored specifically requests the government provide complete and timely notice in advance of trial of *any* other-act evidence the government proposes to introduce at trial.[18] Ms. Nored requests that Rule 404(b) notice be given ***three (3) weeks*** before trial to give the defense time to adequately investigate and prepare for trial.
- Failure to provide *timely* and *complete* notice renders other-acts evidence inadmissible, unless the district court finds "good cause" to excuse late notice.[19]
- Upon request, prosecutors must give timely and complete Rule 404(b) notice regardless of how or when the prosecutor intends to *possibly* use the other-act evidence at trial. Thus, notice is required if the prosecutor intends

---

[13] 18 U.S.C. § 3661.
[14] *Brady*, 373 U.S. at 87.
[15] Fed. R. Crim. P. 16(a)(1)(D).
[16] Fed. R. Crim. P. 16(a)(1)(C) (for organizations); Fed. R. Crim. P. 16(a)(1)(D); Fed. R. Evid. 404(b), 609.
[17] *United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999).
[18] *Id.* at 1154-55.
[19] *Id.* at 1153, 1154.

to use other-acts evidence (1) in its case-in-chief, (2) for impeachment, or (3) for rebuttal.[20]

- The government does not have to know it will introduce other-act evidence. Rule 404(b) mandates the prosecutors "provide notice even if the government intends to introduce evidence for impeachment or for *possible* rebuttal."[21]

**11. Evidence seized.**

Ms. Nored moves for a copy of evidence seized as a result of *any* search, either warrantless or with a warrant.[22] Ms. Nored also requests an opportunity to examine and photograph all items seized in this case.

**12. Requests for preservation of evidence.**

Ms. Nored specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.[23] This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any other evidence seized from the defendant, or any third party. It is requested that the government be ordered to *question* all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

**13. Tangible objects.[24]**

Ms. Nored requests the opportunity to inspect, copy, and/or test all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings and places, or copies of portions thereof, which are material

---

[20] *Id.* at 1153.

[21] *Id.* at 1154 (citing Fed. R. Evid. 404(b) advisory committee note, 1991 amendment).

[22] Fed. R. Crim. P. 16(a)(1)(E).

[23] *See United States v. Riley*, 189 F.3d 802, 806-08 (9 th Cir. 1999) (reversing conviction because an agent destroyed his notes from the interview of an alibi witness).

[24] Fed. R. Crim. P. 16(a)(1)(E).

to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Ms. Nored.

**14. Evidence of criminal investigation of any government witness.**

Ms. Nored moves for production of any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct.[25/]

**15. Jencks Act Material.**

The defense requests all material to which the defendant is entitled to under the Jencks Act[26/] including, but not limited to, dispatch tapes. Advance production will avoid the possibility of delay at the request of Ms. Nored to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1) of the Jencks Act.[27/]

**16. Expert summaries.[28/]**

Ms. Nored moves for production of written summaries regarding all expert testimony the government intends to present under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief. Those written summaries must include (1) the content of the proposed expert testimony, (2) the specific *bases* for each expert's opinion, and (3) the experts' qualifications.

**17. Residual request.**

Ms. Nored intends by this discovery motion to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes ***all*** subsections of Rule 16. Ms. Nored requests that the government provide her and her attorney with the above requested material sufficiently in advance of trial.

**III. Motion for Preservation of Evidence**

---

25/ *United States v. Chitty,* 760 F.2d 425 (2d Cir. 1985).

26/ 18 U.S.C. § 3500; *see also* Fed. R. Crim. P. 26.2.

27/ *Campbell v. United States*, 373 U.S. 487, 490-92 (1963).

28/ Fed. R. Crim. P. 16(a)(1)(E)-(G).

**1. Dispatch tapes and other physical evidence.**

Ms. Nored specifically moves for the preservation of all dispatch tapes and any other physical evidence that may be destroyed, lost or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case.[29]

**2. Instruct agencies and individuals to preserve evidence.**

Ms. Nored further requests that the government be ordered to question all of the agencies and individuals involved in the prosecution and investigation of this case to determine if evidence that may be destroyed exists, and if it does exist to instruct those parties to preserve it.

**3. Material or percipient witnesses.**

This request also includes preserving any material or percipient witness who might be deported or is otherwise likely to become unavailable (e.g., undocumented aliens and transients).

## IV. Leave to File Further Motions

Ms. Nored hereby requests leave to file further motions as may be necessary.

## V. Conclusion

For the foregoing reasons, Ms. Nored respectfully requests that the Court grant these motions.

Executed on: November 27, 2019

*s/ Jason T. Conforti*
Attorney for Defendant

[29] *See United States v. Riley*, 189 F.3d 802, 806-08 (9th Cir. 1999) (reversing conviction because an agent destroyed his notes from the interview of an alibi witness).